United States District Court
Middle District of Florida
Jacksonville Division

CRYSTAL VERCHER,

       *Plaintiff,*

v.                                 NO. 3:20-cv-1388-MMH-PDB

OMNI HOTELS MANAGEMENT CORPORATION,

       *Defendant.*

---

# Order

According to allegations in the complaint, plaintiff Crystal Vercher was a passenger in a golf cart owned by defendant Omni Hotels Management Corporation and driven by an Omni employee when the golf cart collided with a car, injuring her. D3. She sues Omni for common law negligence under Florida law. D3 at 3.

Omni moves to preclude Vercher from offering expert testimony, for summary judgment, and for reservation of jurisdiction to award expenses. D21, D27. She opposes the motion, D24, and moves for extensions of deadlines in the case management and scheduling order, as amended, D25.

The pertinent dates and events are these:

| | | |
|---|---|---|
| **04/29/2018** | Accident occurs | D3 ¶ 7<br>D4 ¶ 7 |
| **03/06/2020** | Vercher sues in state court | D3 |

| 11/18/2020 | Vercher answers interrogatories, identifying medical facilities visited and amounts billed and paid by them and contending accident injured her neck, mid-back, low-back and right arm; caused her to have to undergo cervical fusion surgery at C4-C5; and causes her headaches | D21-6 |
|---|---|---|
| 11/24/2020 | Vercher produces 238 pages of records and bills relating to medical treatment she received | D24 at 2 |
| 12/09/2020 | Omni removes case to federal court | D1 |
| 01/27/2021 | Court enters case management and scheduling order establishing deadlines and trial term:<br><br>**02/16/2021** Federal Rule of Civil Procedure 26(a)(1) disclosures<br>**11/01/2021** Vercher's "Disclosure of Expert Reports"<br>**12/01/2021** Omni's "Disclosure of Expert Reports"<br>**03/07/2022** Complete discovery<br>**04/01/2022** File dispositive and *Daubert* motions<br>**09/06/2022** Trial term | D13 at 1–2 |
| 02/16/2021 | Parties exchange Rule 26(a)(1) disclosures; Vercher discloses lay witnesses by name and address or employer and adds without elaboration "treating physicians" and "[m]edical evaluation and treatments/medical bills" | D21-1 at 1–2 |
| 10/20/2021 | Court grants Omni's unopposed motion to extend deadlines; motion is based on delay in obtaining medical records and difficulty scheduling Vercher's deposition; Court extends deadlines:<br><br>**02/01/2022** Omni's "Expert Reports"<br>**04/01/2022** Complete discovery<br>**10/03/2022** Trial term | D15 D16 |
| 11/01/2021 | Deadline for Vercher's "Disclosure of Expert Reports" | D13 at 1 |
| 11/23/2021 | Court grants Omni's motion for order requiring Vercher to submit to compulsory medical exam on **01/13/2022** | D18 |
| 12/01/2021 | Omni takes Vercher's deposition; she describes injuries and treatment but cannot recall by name certain doctors who provided care after accident | D21-7 at 43, 76–77 |
| 01/21/2022 | Court grants Omni's unopposed motion to further extend deadlines; motion is based on Vercher's need for examination to be conducted on a Friday and doctor's unavailability on a Friday until **02/18/2022**; Court extends deadlines: | D19 D20 |

| | | |
|---|---|---|
| | **03/07/2022** Omni's "expert reports"<br>**04/08/2022** Complete discovery<br>**05/13/2022** File dispositive and *Daubert* motions | |
| **02/16/2022** | Vercher asks to reschedule **02/18/2022** compulsory medical exam based on positive COVID-19 test; Omni provides two potential dates for exam | D21-2<br>D21-3 |
| **02/23/2022** | Omni follows up on attempt to reschedule compulsory medical exam | D21-4 |
| **03/07/2022** | Deadline for Omni to provide expert reports; Vercher asks Omni for dates for compulsory medical exam | D20<br>D21-5 |
| **03/09/2022** | Vercher offers to reschedule compulsory medical exam and provides availability | D21 at 4 |
| **04/04/2022** | Omni files its current motion | D21 |
| **04/08/2022** | Deadline to complete discovery | D20 |
| **04/11/2022** | Vercher files her current motion and response to Omni's motion | D24<br>D25 |
| **05/09/2022** | Vercher files "Notice of Filing Disclosure of Expert Witnesses," stating she has no retained experts and identifying five non-retained experts by name | D28 at 1–4 |
| **05/13/2022** | Deadline to file dispositive and *Daubert* motions | D20 |
| **07/05/2022** | 90 days before start of trial term | D16 |
| **10/03/2022** | Start of trial term | D16 |

Relying on Federal Rule of Civil Procedure 37(c)(1), Omni argues the Court should preclude Vercher from offering any expert testimony because she assertedly failed to provide timely disclosures and her failure was neither substantially justified nor harmless. D21 at 5–15; D27 at 4–7.

Vercher responds that, under Federal Rule of Civil Procedure 26(a)(2)(D)(i), expert disclosures are not due until 90 days before the start of

the trial term,[1] and, regardless, any failure resulted from excusable neglect and is harmless. D24 at 1–4. She asserts "there was either a human or technical error setting a reminder to file the Rule 26(a)(2) disclosures with [counsel's] calendaring system, hence, [counsel] failed to file the Rule 26(a)(2) disclosures as required[.]" D24 at 3. She argues Omni possessed before the deadlines to disclose expert reports and to complete discovery substantially all the expert information, pointing to her answers to interrogatories, production of documents, and deposition. D24 at 1, 2. She emphasizes Omni obtained extensions with no objection from her, filed no motion to compel, and failed to remind her expert disclosures were due before requesting "the ultimate sanction." D24 at 3–4.

Omni replies Rule 26(a)(2)(D)(i) is inapplicable because the case management and scheduling order controls. D27 at 4. Omni disputes that "excusable neglect" is the standard and argues that, regardless, missing a deadline is not excusable neglect. D27 at 2–3. Omni contends Vercher had opportunities to cure her delay before the deadline to complete discovery expired and emphasizes it has no duty to remind her of her own deadlines. D27 at 3–4.

To try to remedy the situation, and in consideration of her positive COVID-19 test days before her compulsory medical exam, Vercher moves for an extension of several deadlines. D25 at 2. Omni has failed to directly respond to the motion, and the time for doing so has passed.[2]

---

[1] Ninety days before the start of the trial term is July 5, 2022. Vercher says the deadline is "July 4, 2022." D24 at 4. This is a typographical or calculation error.

[2] "If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed." Local Rule 3.01(c). Although Omni failed to directly respond to Vercher's motion

Both sides cite several district court cases. *See generally* D21, D24, D27. Because matters of scheduling and discovery permit much discretion and require consideration of the particular circumstances involved, and because some of the cases apply law since changed,[3] the Court focuses not on those cases but on the rules and their underlying principles as applied to the circumstances here.

Under Federal Rule of Civil Procedure 1, the federal procedural rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Under Federal Rule of Evidence 102, the federal evidentiary rules "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination."

To promote efficiency, Federal Rule of Civil Procedure 16(b)(2) directs a judge to enter a scheduling order "as soon as practicable[.]" The order must limit the time to complete discovery and file motions and may modify the timing of initial and expert disclosures. Fed. R. Civ. P. 16(b)(3)(A)–(B). If a party or the party's lawyer "fails to obey" a scheduling order, the court, on motion or on its own, "may issue any just orders[.]" Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii) (describing non-exclusive sanctions a court may impose for failure to obey a scheduling order).

---

for extensions of deadlines, the Court declines to treat the motion as unopposed because Omni made clear its opposition to further extensions in its motion, D21, and reply, D27.

[3] Federal Rule of Civil Procedure 26 was amended in 2010 to "resolve[] a tension" concerning disclosures for non-retained expert witnesses. Fed. R. of Civ. P. 26(a) advisory committee's note to 2010 amendment.

Under Federal Rule of Civil Procedure 16(b)(4), an established schedule "may be modified only for good cause and with the judge's consent." To establish good cause, a movant must show the deadline cannot be met despite the movant's diligence. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).[4]

Under Federal Rule of Civil Procedure 26(a)(1)(A), each party must provide initial disclosures without awaiting a discovery request. The disclosures must include, unless solely for impeachment, the name and any known address and telephone number "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and a copy or description of "all documents, electronically stored information, and tangible

---

[4]Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

To decide whether a movant demonstrates excusable neglect, a court considers all circumstances, including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoted authority omitted).

When a deadline is in a scheduling order and a party acts after the deadline, Rule 16 "is the proper guide for determining whether a party's delay may be excused." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). The excusable-neglect standard in Rule 6(b)(1) is inapplicable. *Id.*; *accord Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018); *cf. Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n.8 (11th Cir. 2014) ("Rule 6(b)(1)(B) applies generally, when a more precise rule does not govern the situation."). *But see Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (stating in a non-binding opinion that a "party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect").

Here, the Court applies only the good-cause standard. Even if the Court applied both the good-cause and the excusable-neglect standards, the result would be the same.

things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i), (ii).

Under Federal Rule of Civil Procedure 26(a)(2)(A), "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under" Federal Rule of Evidence 702. Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The purpose of Rule 26(a)(2) is to provide the opposing party a reasonable opportunity to prepare effective cross-examination and decide whether to arrange the party's own expert testimony. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1361–62 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 26(a)(2)(B), if an expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the party must include with the disclosure a signed report containing six items: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert

at trial or by deposition"; and (6) "a statement of the compensation to be paid for the study and testimony in the case."

Under Federal Rule of Civil Procedure 26(a)(2)(C), if an expert witness need not provide an expert report, the disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). Advisory committee notes to Rule 26(a) caution that this requirement "is considerably less extensive" than the report required for a retained expert, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment.

"A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony" under Rule 702. *Id.* "Frequent examples include physicians or other health care professionals … who do not regularly provide expert testimony." *Id.* "Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." *Id.* "The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present." *Id.*

Under Federal Rule of Civil Procedure 26(a)(2)(D), expert disclosures under Rule 26(a)(2) must be made at the "times and in the sequence that the court orders" or, if not ordered, "at least 90 days before the date set for trial or for the case to be ready for trial[.]" When "the court has entered a scheduling order, the court's deadlines control," and whether a disclosure complied with the "general default deadlines" is "irrelevant." *Knight through Kerr v. Mia.-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017).

8

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with [them] is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quoted authority omitted). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *accord Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307 (11th Cir. 2021). This "automatic sanction," Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment, "provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed," Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment.

"Substantially justified" for Rule 37(c)(1) means "reasonable people could differ as to the appropriateness of the contested action." *Knight*, 856 F.3d at 812 (quoted authority omitted). "Harmless" ordinarily means "free from harm, liability, or loss." *Harmless,* Merriam-Webster Online, http://www.merriam-webster.com/dictionary/harmless (last visited May 17, 2022). Advisory committee notes to Rule 37(c) explain, "Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a … disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro

se litigant of the requirement to make disclosures."[5] Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment. The rule-breaking party must show substantial justification or harmlessness. *Knight*, 856 F.3d at 812.

Applying this law, the Court **denies** Omni's motion, D21, and **grants in part and denies in part** Vercher's motion, D25.

Under the circumstances presented, some Rule 1 and Rule 102 goals appear in tension with each other: the timing and expense goals favor Omni's position; the truth-seeking and just-determination goals favor Vercher's position. The Court construes, administers, and employs the rules with all goals in mind.

Turning first to Omni's motion, the November 1, 2021, deadline for Vercher's "Disclosure of Expert Reports" on which Omni relies is inapplicable to disclosing a non-retained expert, which requires no report. Most lawyers

---

[5]The meaning of "harmless" for Rule 37(c)(1) is unsettled. *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1307–08 (11th Cir. 2021). The Eleventh Circuit has declined to decide the meaning, while a dissenting judge has expressed the view that, considering the purpose of the disclosure rules and the advisory committee notes, non-compliance with those rules is harmless only if the non-compliance was a mistake and the information was already known to the opposing party. *See Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1353 (11th Cir. 2020) (Tjoflat, J., dissenting); *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 607–08 (11th Cir. 2019) (Tjoflat, J., dissenting).

Some courts—and Omni here—continue to apply pre-Rule 37(c)(1), judicially created, non-exhaustive factors to determine substantial justification or harmlessness. *See, e.g.*, *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020); *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1201 (10th Cir. 2017); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1321–24 (11th Cir. 2008) (applying the factors in assessing the district court's exclusion of lay witness testimony but not expert witness testimony). Those factors—stated in various ways—generally are the explanation for the failure to comply, the importance of the witness's testimony, the need for time to prepare to respond to the testimony, and the possibility of a continuance. *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir. 1986).

To decide the motions, the Court need not decide the meaning of "harmless" for Rule 37(c)(1).

cautiously interpret "Disclosure of Expert Reports" to include disclosures of non-retained experts, including, apparently, Vercher's counsel, who says he missed the deadline not because he knew it was inapplicable but because of a vaguely described calendaring error. *See* D24 at 3. Still, considering the use of "Reports" in the case management and scheduling order, the absence of a requirement to include reports with disclosures of non-retained witnesses, and the exclusion from the case management and scheduling order of any other deadline for expert disclosures under Rule 26(a)(2), the Court applies the default rule in Rule 26(a)(2)(D)(i), as requested by Vercher, which makes July 5, 2022, the deadline to disclose non-retained expert witnesses.

Vercher is not trying to use any retained expert witnesses to "supply evidence on a motion, at a hearing, or at a trial," making the Rule 37(c)(1) sanction requested by Omni inapplicable at this time.

Under the circumstances, including use of the default deadline for disclosing non-retained expert witnesses and Vercher's unwillingness or inability to attend her twice-scheduled compulsory medical exam, good cause exists to extend some deadlines in the case management and scheduling order, as amended, D13, D16, D20.

The discovery deadline is extended to **August 1, 2022**, *only* for Omni to complete the compulsory medical exam of Vercher and to obtain discovery about Vercher's non-retained expert witnesses, including, if necessary, by taking their depositions. Omni is not limited to Fridays for the exam.[6] Vercher must expeditiously respond to proposed dates and times for the exam and must

---

[6]Accommodations should be made for the schedules of parties, lawyers, and doctors. But Vercher's Friday-only demand is unreasonable, risking further delays. By suing and claiming damages for physical injuries, she subjects herself to inconveniences, including having to attend the compulsory medical exam on a weekday.

appear for the scheduled exam. If she fails to do either without good cause, the Court will impose sanctions against her. The case management deadlines are amended as follows:

| | |
|---|---|
| Deadline for Omni to disclose experts reports under Rule 26(a)(2) | **08/15/2022** |
| Deadline to file any dispositive or *Daubert* motion | **09/15/2022** |
| Deadline to file all other motions, including motions in limine | **01/03/2023** |
| Deadline to respond to motions in limine and all other motions | **01/17/2023** |
| Deadline to file the joint final pretrial statement | **01/17/2023** |
| Final pretrial conference | **01/23/2023 10:00 a.m.** |
| Trial term begins[7] | **02/06/2023 9:00 a.m.** |

Vercher fails to show good cause to extend the long-since-passed deadline for her to disclose retained experts. If she wants discovery on any expert Omni discloses and the parties are unable to stipulate to that limited discovery, she must by **August 22, 2022**, move for permission to conduct the discovery.[8]

Considering the relative simplicity of the dispute, the occurrence of the accident in April 2018, the pendency of the case since March 2020, and the two

---

[7]If the parties want the trial to start on a certain day in October, November, or December of this year or January, February, or March of next year, they may jointly consent to magistrate-judge jurisdiction. Magistrate judges have more flexibility in calendaring civil trials than district judges because of the absence of felony criminal trials on magistrate judges' calendars. To consent, the parties should review Federal Rule of Civil Procedure 73 and jointly complete and file AO Form 85, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge." The parties are free to withhold consent without adverse substantive consequences.

[8]Under Federal Rule of Civil Procedure 29 and Local Rule 3.05, the parties may stipulate to a discovery procedure. If the parties stipulate to extending time for discovery, they must have court approval if the extension "would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b).

previous extensions of deadlines in the case management and scheduling order, **the parties should anticipate no further extensions**.

Should Vercher fail to supplement her non-retained expert disclosures by **July 5, 2022**, she risks another motion for a Rule 37(c)(1) sanction. For all five of the non-retained experts she identifies in her May 9, 2022, filing, she "cuts and pastes" the following language:

> His [or Her] testimony will relate to Plaintiff's injuries, causation, permanency, medical bills, future care and treatment and prognosis. Counsel intends to question the expert as to opinions on areas that go beyond the specific findings of the physical examination that the medical records may not contain nor is it intended that it lists every single opinion that this expert will offer at trial. Counsel is warned that to obtain all of these detailed opinions, a complete deposition should be taken of the expert so that counsel can ask and obtain any or all of the opinions of the general areas outlined above and not simply rely on the limited findings contained in the medical records.

D28 at 2–4. While stating the doctors' testimony will relate to her "injuries, causation, permanency, medical bills, future care and treatment and prognosis" identifies the subject matter on which each expert witness is expected to testify as required by Rule 26(a)(2)(C)(i), neither that statement nor the remainder of the disclosure summarizes "the facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C)(ii), even considering that disclosing a non-retained expert witness is "considerably less extensive" than the report required for a retained expert witness. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii) (quoted); Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment (quoted). The undersigned is unaware of a rule permitting a plaintiff to shift her disclosure burden to the defendant simply by handing over medical records and repeating that, to obtain a summary of the facts and opinions to which the plaintiff's non-retained experts will testify, the defendant must depose those experts (which would be at the defendant's

13

expense under Federal Rule of Civil Procedure 26(b)(4)(E)). What she has disclosed about the opinions of the non-retained experts—little more than the medical records themselves and references to generic subjects—fails to provide sufficient information to enable Omni to decide whether deposing any of them or retaining its own experts is worth the considerable time and expense.

Omni's requests for summary judgment and to reserve jurisdiction to award expenses are **denied without prejudice**. The requests depend on Omni's request to preclude Vercher from offering expert testimony.

**Ordered** in Jacksonville, Florida, on May 17, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*